UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-7921-MWF-RAO			Date:  January 29, 2016
Title:    Giovanni Pagone -v- ABM Onsite Services – West, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND REMOVED ACTION TO STATE COURT [10]

Before the Court is Plaintiff Giovanni Pagone's ("Plaintiff") Motion to Remand Removed Action to State Court (the "Motion").  (Docket No. 10).  Defendant ABM Onsite Services – West, Inc. ("Defendant") filed an Opposition to Plaintiff's Motion ("Opp.") on November 23, 2015.  (Docket No. 14).  Plaintiff filed a Reply on November 30.  (Docket No. 16).  The Court held oral argument on December 14, 2015.

For the reasons stated below, the Motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff was employed by Defendant as a post commander in charge of security at an office parking lot.  (Compl. ¶ 11).  On September 26, 2013, Plaintiff was involved in a car accident, requiring him to take a weeklong leave of absence from his job.  (*Id*. ¶ 12).  On October 10, 2013, Plaintiff returned to work.  (*Id*.).  Thereafter, Plaintiff alleges that he was repeatedly harassed by his supervisor, Luis Banegas, who made derogatory comments based on Plaintiff's sexual orientation, national origin, and disability.  (*Id*. ¶¶ 13-20).  Following Plaintiff's submitting four incident reports to Human Resources documenting his harassment by Banegas, Plaintiff was put on a three-week suspension on January 21, 2014.  (*Id*. ¶¶ 22-24).  On April 9, 2014, Plaintiff's employment was terminated.  (*Id*. ¶ 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.   CV-15-7921-MWF-RAO			Date:  January 29, 2016
Title:     Giovanni Pagone -v- ABM Onsite Services – West, Inc.

On October 10, 2014, Plaintiff filed a Complaint in Los Angeles Superior Court alleging, among other claims, hostile work environment, violation of the Fair Employment and Housing Act (FEHA), and wrongful termination against Defendant. (Docket No. 1-2). On November 13, 2014, Defendant filed an Answer to the Complaint. (Docket No. 1-3). Thereafter, Defendant served discovery requesting Plaintiff to state the amount of damages, to which Plaintiff filed objections. (Docket 10-1, Ex. D). Defendant subsequently set the hearing for its motion for summary judgment for December 15, 2015. (Mot. at 3). In preparation for filing its motion for summary judgment, Defendants took Plaintiff's deposition on September 30, 2015. (*Id*.). At the deposition, Plaintiff estimated that his lost wages amounted to $38,456 and his emotional damages amounted to $50,000. (Opp. at 8).

On October 8, 2015, Defendant filed a notice of removal. (Docket No. 1). Plaintiff now seeks to remand the action back to state court.

## II.     EVIDENTIARY OBJECTIONS

Plaintiff objects to paragraph 5 of Paul Tinert's declaration submitted in support of Defendant's Notice of Removal, which states that "Defendant was first made aware that the amount in controversy exceeded the $75,000 threshold required under 28 U.S.C. § 1332 at Plaintiff's deposition on September 30, 2015, when Plaintiff testified that his total damages sought was greater than $88,456.00." (Docket No. 1-1 ¶ 5). Relevant portions of the transcript are attached to Tinert's declaration as Exhibit C. (*Id*., Ex. C). Specifically, Plaintiff objects to the declaration and the transcript on the grounds that: (1) Plaintiff lacked personal knowledge of the matter, (2) the question was asked and answered multiple times, and (3) Plaintiff's testimony was improper lay opinion. (Docket No. 11 at 2). Defendant does not contest these objections. However, Plaintiff failed to file any objections to Daniel J. Lee's declaration submitted in support of Defendant's Opposition, which attaches the same transcript as the Tinert declaration. (See Docket No. 14-1 ¶ 6, Ex. G). As such, the Court need not address Plaintiff's evidentiary objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-7921-MWF-RAO          Date: January 29, 2016
Title:     Giovanni Pagone -v- ABM Onsite Services – West, Inc.

      Even if the Court were to assume that Plaintiff intended to raise the same objections as to the Lee declaration as he did to the Tinert declaration, the objections would still fail. As to the "lack of foundation" objection, Plaintiff's estimation of his emotional damages was based on his personal knowledge, and is therefore denied. *See* Fed. R. Evid. 602. Likewise, as to Plaintiff's "improper lay opinion" objection, lay opinion is permissible if it is "rationally based on the witness's perception." *See* Fed. R. Evid. 701. As such, this objection is also denied. Finally, as to Plaintiff's "asked and answered" objection, Plaintiff cites to Federal Rule of Evidence 403, which states that relevant evidence may be excluded if its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiff does not argue that any of these issues outweigh his testimony's relevance. Accordingly, this objection is also denied.

### III. LEGAL STANDARD

      The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). The parties do not dispute that there is diversity, the only issue is whether the amount in controversy has been established.

      In cases removed from state court, the removing defendant has "always" borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit has established the following framework for determining the amount in controversy on removal. First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may consider facts in the removal petition and require parties to submit "summary-

---

**CIVIL MINUTES—GENERAL**          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-7921-MWF-RAO						Date:  January 29, 2016
Title:	Giovanni Pagone -v- ABM Onsite Services – West, Inc.

judgment-type evidence" relevant to the amount in controversy.  *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).

## IV.    DISCUSSION

Plaintiff makes three arguments in support of his Motion: (a) Defendant waived its right to removal by proceeding in state court; (b) Defendant has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000, and (c) Defendant did not timely file its Notice of Removal.  (Mot. at 1).  Each argument is addressed in turn below.

### A.    **Defendant Did Not Waive its Right to Removal**

Plaintiff contends that Defendant waived its right to removal by engaging in conduct in the underlying state court action that "clearly and unequivocally" demonstrated its intent to remain in state court.  (Mot. at 6).  This conduct includes Defendant's serving several sets of discovery, reserving a date for a motion for summary judgment, and taking Plaintiff's deposition.  (*Id.*).

In general, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."  *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (quoting *Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989)).  Here, Plaintiff concedes that Defendant only reserved a date for a motion for summary judgment hearing.  (Mot. at 7).  As the state court has not ruled on Defendant's summary judgment motion, there has been no adjudication on the merits and Defendant did not waive its right to removal.

### B.    **Defendant Has Not Shown by a Preponderance of Evidence That the Amount in Controversy Exceeds $75,000**

Next, Plaintiff argues that Defendant failed to meet its burden to show that the amount in controversy exceeds $75,000 because it relies on Plaintiff's speculative deposition testimony on the amount of his emotional distress damages.  (Mot. at 9).

---

**CIVIL MINUTES—GENERAL**					4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-7921-MWF-RAO                    Date:  January 29, 2016
Title:       Giovanni Pagone -v- ABM Onsite Services – West, Inc.

Defendant argues that Plaintiff stated at his deposition that his lost wages amount to $38,456 and his emotional damages amount to $50,000.  (Opp. at 8).  Although Plaintiff indicates in his Complaint that his demand is "over $25,000," the Complaint does not otherwise specify the amount of damages sought.  Therefore, Defendant has the burden of proving by a preponderance of evidence that the amount in controversy has been met.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.).

  Defendant relies exclusively on Plaintiff's deposition testimony as proof that the amount in controversy exceeds $75,000.  In reviewing Plaintiff's deposition testimony, it is evident that Plaintiff's estimate for lost wages amounting to $38,456 was derived from calculations Plaintiff made during deposition by taking his hourly wage multiplied by hours worked.  (Docket No. 14-1, Ex. G at 197:1-201:20).  However, Plaintiff's calculations as to his emotional damages are not as concrete.  During his deposition, Defendant's counsel repeatedly asked Plaintiff to provide an "estimate" of his emotional damages.  Specifically, Defendant's counsel asked him to estimate "what you think the mental issues that you have experienced are worth to you financially." (Docket No. 14-1, Ex. G at 215:12-14).  Plaintiff responded multiple times that he did not know, *id.* at 215:16-22, 216:18-21, before estimating that "[d]isappointing my son, not being able to be there for him for Christmas, birthday, and graduation" amounted to emotional damages of "$50,000 and up."  (*Id.* at 218:21-24).

  The amount in controversy may include damages for emotional distress.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  However, Defendant has not carried its burden.  The *Romsa v. Ikea* case is instructive here.  In *Romsa*, plaintiff filed the action in state court as guardian ad litem of his son, who burned his hand at an Ikea cafeteria.  2014 WL 4273265, at *1 (C.D. Cal. Aug. 28, 2014).  Plaintiff provided defendant with a statement of damages estimating $500,000 in pain and suffering damages, $500,000 in emotional distress damages, and $4,577.97 in past medical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-7921-MWF-RAO                    Date:  January 29, 2016
Title:     Giovanni Pagone -v- ABM Onsite Services – West, Inc.

expenses. *Id*. at *2. The statement, however, did not explain how Plaintiff arrived at his estimates. *Id*. At plaintiff's deposition, he testified that his son "cries a lot" and wakes up "5-6 times a night." *Id*. Defendant cited to the statement of damages and deposition testimony in arguing that the amount in controversy exceeded $75,000 and that removal was proper. *Id*. The court held that defendant failed to meet its burden of persuasion to show that removal was proper because it "cit[ed] no facts that indicate[d] a damages award anywhere near $75,000." *Id*. at *2-*3.

Here, like statement of damages and deposition testimony in *Romsa*, Plaintiff's estimate of the money value of "disappointing [his] son" is not a reasonable estimate upon which Defendant may rely. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a damages estimate "is relevant evidence of the amount in controversy if it appears to reflect a *reasonable estimate* of the plaintiff's claim") (emphasis added). A plaintiff's damage estimate will not establish the amount in controversy if, as here, it appears to be only a "bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM JEMX, 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (quoting *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)).

Other courts have held that defendants may establish probable emotional distress damages by introducing evidence of jury verdicts from cases with analogous facts. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). However, Defendant has not presented any analogous cases for the Court's review. Notably, Defendant also fails to argue that Plaintiff seeks punitive damages, which is alleged in his Prayer for Relief, even though punitive damages may be included in the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

Because Defendant relies exclusively on Plaintiff's estimate of emotional damages and has not presented analogous cases for the Court's consideration, Defendant has fallen short of its burden to show "summary-judgment-type evidence" that the amount in controversy exceeds $75,000. *But see Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (holding that emotional distress damages were likely more than nominal

---

**CIVIL MINUTES—GENERAL**                                                                 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-7921-MWF-RAO                Date:  January 29, 2016
Title:    Giovanni Pagone -v- ABM Onsite Services – West, Inc.

"[w]ithout deciding whether this case is sufficiently analogous to those cited by Defendants").

Defendant's assertion that the Court should allow jurisdictional discovery with regard to the amount in controversy is meritless.  Defendant cites to *Abrego Abrego v. The Dow Chem. Co*.  In *Abrego Abrego*, The court explicitly held that while some courts have allowed discovery relevant to jurisdictional amount prior to remanding, this discovery was not required.  443 F.3d 676, 691 (9th Cir. 2006).  The Court declines to allow jurisdictional discovery here.

Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

### C.    Timeliness

Because Defendant has not met its burden to show that the amount in controversy exceeded $75,000, Plaintiff's final argument that Defendant did not timely file its Notice of Removal is moot.

### D.    Defendant's Request for Sanctions

Defendant tacks on a request for sanctions in the amount of $1,800 in the concluding paragraph of its Opposition.  (Opp. at 12).  Because Defendant neither cites to any authority supporting its request, nor specifies why sanctions against Plaintiff are warranted, this request is **DENIED**.

## V.    CONCLUSION

The Motion is **GRANTED**.  The Clerk is **ORDERED** to remand this action to the Los Angeles Superior Court, Case No. BC560193.

IT IS SO ORDERED.